Jay T. Jambeck (SBN #226018)
Mandy Leigh (SBN #225748)
Elizabeth Pacheco (SBN: #246258)
LEIGH LAW GROUP
870 Market St., Suite 1157
San Francisco, CA 94102
Office: (415) 399-9155
Fax: (415) 795-3733
jjambeck@leighlawgroup.com

Attorneys for Plaintiff,
ASHOK KUMAR

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHOK KUMAR,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>KINGSPAN INSULATED PANELS, INC.,<br><br>　　　　Defendant. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **VIOLATION OF TITLE I THE AMERICANS WITH DISABILITIES ACT;**<br>2. **VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT.**<br><br>JURY TRIAL DEMANDED |

Plaintiff ASHOK KUMAR alleges:

## THE PARTIES

1. Plaintiff ASHOK KUMAR is a resident of Stanislaus County, California.

2. Defendant KINGSPAN INSULATED PANELS, INC. ("KINGSPAN") is a

---
1
COMPLAINT
(Case No.)

Florida corporation with offices and business operations in California and is an employer of more than 25 employees.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this dispute pursuant to 42 U.S.C. § 12112 and 28 U.S.C. § 1331.

2. Venue is appropriate in the Northern District of California as Defendant KINGSPAN is resides within the jurisdictional boundaries of this District, pursuant to 28 U.S.C. § 1391(c)(2) in that KINGSPAN has purposefully availed itself of the market within this District, has substantial and continuous contacts with this District and is thus subject to personal jurisdiction within this District.

## GENERAL ALLEGATIONS

3. Plaintiff was employed as a forklift operator/lead from 2007 until August 30, 2013, when Plaintiff's employment was terminated.

4. In or about January 2013, Plaintiff suffered a temporary disabling condition of a Hernia which required surgery. Plaintiff was placed off work by his physician initially from January 28, 2013 through February 10, 2013 and on modified work thereafter until March 10, 2013.

5. On January 28, 2013, Plaintiff underwent surgery for his Hernia. Plaintiff suffered complications resulting from the surgery which resulted in vein blockage, a condition that caused a disabling condition in his left arm.

6. On January 31, 2013, Plaintiff's physician altered the modified work to extend until April 15, 2013.

7. On March 27, 2013, Plaintiff had an additional surgery to remove the blocked vein. That day, Plaintiff was placed off work by his doctor until April 30, 2013.

8. On April 23, 2013, Plaintiff was continued in off work status through May 31,

2013 as a result of continued pain and numbness in Plaintiff's arm resulting from the surgery and blocked vein.

9. On May 24, 2013, Plaintiff was continued in off work status through July 29, 2013, due to continued numbness and pain in Plaintiff's arm resulting from the surgery and blocked vein.

10. On July 12, 2013, Plaintiff was continued in off work status through August 3, 2013 due to continuing affects from the surgery.

11. On July 30, 2013, Plaintiff was placed on a modified work duty until October 4, 2013. Plaintiff's physician recommended lifting of no more than 10 pounds and gripping/grasping with the left hand up to 25% of Plaintiff's shift. These restrictions constituted a substantial limitation in the major life activity of lifting.

12. Plaintiff provided all physician's notes to Defendant.

13. On August 21, 2013, Defendant terminated Plaintiff via letter, effective August 30, 2013, which stated that KINGSPAN did not have modified duty available. No attempt at an interactive process was attempted by KINGSPAN.

14. Plaintiff has exhausted his administrative remedies by a filing a charge with the United States Equal Opportunity Commission ("EEOC"), which dual filed with the California Department of Fair Housing and Employment ("DFEH"); the EEOC and DFEH issued a right to sue letter and this action is timely filed.

## FIRST CAUSE OF ACTION

(Violation of Title I of the Americans with Disabilities Act)

15. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1-14 above.

16. Plaintiff at all times material was an individual with a disability which affected

the major life activities of working and lifting who met the skill, experience, education, and other job-related requirements of the position of forklift operator/lead with defendant, and who, with reasonable accommodation, could perform the essential functions of his job.

17. Plaintiff at all times material had a disability which substantially limited his ability to work and lift.

18. Furthermore, at all material times, plaintiff had a record of his disability and was regarded as having a disability by the defendant.

19. Defendant discriminated against plaintiff in violation of 42 U.S.C. § 12112(a) by failing to reasonably accommodate plaintiff's disability by: (1) failing to engage in the interactive process by terminating Plaintiff rather than exploring whether other positions were available or whether Plaintiff's duties could be reasonably modified or whether Plaintiff's leave could be extended to allow Plaintiff to recover; and, (2) refusing to grant plaintiff additional leave in order to conclude the interactive process.

20. As a direct and proximate result of the discrimination by defendant, Plaintiff suffered damages including but not limited to lost wages, lost benefits, pain and suffering, emotional distress, humiliation, mental anguish and embarrassment.

## SECOND CAUSE OF ACTION

(Violation of the California Fair Employment and Housing Act – Disability Discrimination)

21. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1-14 above.

22. Plaintiff at all times material was an individual with a disability which affected the major life activities of working and lifting who met the skill, experience, education, and other job-related requirements of the position of forklift operator/lead with defendant, and who, with reasonable accommodation, could perform the essential functions of his job.

23. Plaintiff at all times material had a disability which substantially limited his ability to work and lift.

24. Furthermore, at all material times, plaintiff had a record of his disability and was regarded as having a disability by Defendant.

25. An employer has an affirmative duty to make reasonable accommodation(s) for the disability of any individual applicant or employee if the employer or other covered entity knows of the disability, unless the employer or other covered entity can demonstrate, after engaging in the interactive process, that the accommodation would impose an undue hardship. 2 California Code of Regulations ("CCR") § 11068(a).

26. When an employee cannot presently perform the essential functions of the job, or otherwise needs time away from the job for treatment and recovery, holding a job open for an employee on a leave of absence or extending a leave provided by the CFRA, the FMLA, other leave laws, or an employer's leave plan may be a reasonable accommodation provided that the leave is likely to be effective in allowing the employee to return to work at the end of the leave, with or without further reasonable accommodation, and does not create an undue hardship for the employer. 2 CCR § 11068(c).

27. Defendant discriminated against plaintiff in violation of California Government Code Section 12900 *et seq.* by failing to reasonably accommodate plaintiff's disability by: (1) failing to engage in the interactive process by terminating Plaintiff rather than exploring whether other positions were available or whether Plaintiff's duties could be reasonably modified or whether Plaintiff's leave could be extended to allow Plaintiff to recover; and, (2) refusing to grant plaintiff additional leave in order to conclude the interactive process. Cal. Government Code Sections 12940(a), (m), (n); 2 CCR § 11068.

28. As a direct and proximate result of the discrimination by defendant, Plaintiff Suffered damages including but not limited to lost wages, lost benefits, pain and suffering, emotional distress, humiliation, mental anguish and embarrassment.

## JURY TRIAL DEMANDED

29. Plaintiff demands a jury trial on all matters for which a jury trial is provided as a

matter of right.

WHEREFORE, plaintiff prays:

1. For back pay;

2. For front pay;

3. The value of lost benefits;

4. For general damages in an amount according to proof at trial;

5. For special damages in an amount according to proof at trial;

6. For Reasonable Attorneys' fees;

7. For costs of suit;

8. For Punitive damages;

9. For such other and further relief as the Court deems appropriate and just.

**Dated: September 2, 2014**                    **Leigh Law Group**

                                                **/s/ Jay T. Jambeck**
                                                _____
                                                Jay T. Jambeck
                                                Attorney for Plaintiff